**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| **YENY CAROLINA IRAHETA LOPEZ,**<br><br>                    Petitioner,<br><br>          v.<br><br>SECRETARY OF U.S. DEPARTMENT OF HOMELAND SECURITY *et al.*,<br><br>                    Respondents. | Case No. ED CV 26-01261-VBF-E<br><br>**ORDER**<br><br>Directing Respondents to Return Petitioner to the C.D. of California Immediately and to Show Cause Why They Shouldn't be Held in Contempt for Violating the TRO filed 3/23/2026 |

On Wednesday, March 18, 2026, petitioner's counsel filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. section 2241 and requested a temporary restraining order ("TRO)" within the body and exhibits of the petition. *See* CM/ECF Document ("Doc") 1. That same day, March 18, 2026, the Clerk's promptly issued a Notice of Deficiency advising petitioner's counsel to re-file the TRO application as a separate "event" (Doc 3). Still that same day, March 18, 2026, petitioner filed a "Corrected" TRO application, then an "amended" TRO application, each as a separate event, as instructed (Docs 5 and 6).

About 48 hours later, on Friday, March 20, 2026, this Court submitted for docketing an order granting petitioner's TRO application and stating clearly and simply as follows:

Pending further order of this Court, the respondents are temporarily restrained from

removing petitioner from the United States of America or otherwise moving petitioner outside this federal judicial district, the Central District of California.

**No later than 11:59 p.m. on Wednesday, March 25, 2026, the respondents MAY SHOW CAUSE, in writing, why a preliminary injunction should not issue** that (1) extends the terms of this TRO and (2) requires Petitioner's release from detention or, in the alternative, requires a prompt individualized bond hearing before a neutral decisionmaker at which the government shall bear the burden of establishing a lawful basis for detention.

**No later than 12:00 noon on Friday, March 27, 2026, petitioner MAY FILE a reply** in further support of a preliminary injunction.

Doc 6 at 1-2. The TRO (Doc 6) was not docketed until 9:26 a.m. yesterday, Monday, March 23, 2026; at that time, the CM/ECF system successfully auto-generated and emailed to all counsel a Notice of Electronic Filing ("NEF") alerting them of the filing of the TRO.

Also yesterday, March 23, 2026, at 11:36 p.m., about thirteen hours after the Court's TRO was docketed, petitioner's counsel filed an emergency request to enforce the TRO (Doc 7) and a Notice of Violation of TRO (Doc 8), alleging that the respondents had violated the TRO by transferring petitioner to Texas earlier that same day, Monday, March 23, 2026.

The Court is inclined to agree that if the respondents transferred petitioner outside this federal judicial district, the Central District of California, that would be a violation of the TRO. However, the record does not supply the facts needed to form a reasoned opinion as to whether the respondents were aware of the content of the Court's TRO when they allegedly transferred petitioner to another ICE facility in Texas, outside our federal judicial district. *Inter alia*, the Court does not know the exact time at which a Department of Justice ("DOJ") or other executive branch order to transfer petitioner to Texas was issued or conveyed to the ICE correctional personnel and/or warden at the Adelanto, California ICE

facility where petitioner was detained when she filed this action six days ago.

ORDER OF ENFORCEMENT AND ORDER TO SHOW CAUSE

**    **To comply with this Court's TRO, the respondents SHALL IMMEDIATELY bring petitioner back into this federal judicial district.**

**    **No later than 11:59 p.m. on Friday, March 27, 2026, respondents SHALL FILE a notice of compliance, with attached documentation.**

**    **No later than 11:59 p.m. on Thursday, March 26, 2026, respondents SHALL FILE A RESPONSE showing cause why they should not be held in contempt for failing or refusing to comply with the TRO filed 9:26 a.m. on Monday, March 23, 2026.  The respondents SHALL ATTACH documentation establishing the exact times** at which petitioner was ordered removed from this federal judicial district, at which petitioner was actually physically removed from this federal judicial district, and at which petitioner arrived at her new facility allegedly in Texas.

**No later than 11:59 p.m. on Tuesday, March 31, 2026, petitioner MAY REPLY.**

**All terms and deadlines set forth in the TRO remain in effect.**

The Court is currently inclined to resolve this matter without oral argument.
IT IS SO ORDERED.

Dated:  March 24, 2026

_____
Honorable Valerie Baker Fairbank
Senior United States District Judge

3